IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VICTOR MORALES**, <br>     Petitioner, <br><br> v. <br><br> **JOHN E. WETZEL**, *et al.,* <br>     Respondents. | **CIVIL ACTION** <br><br><br> **NO. 13-3459-KSM** |

**ORDER**

**AND NOW**, this 1st day of June, 2023, upon consideration of the Report and Recommendation ("R&R") (Doc. No. 26) issued on May 5, 2023 by United States Magistrate Judge David R. Strawbridge, to which no objections were filed by Petitioner Victor Morales,[1] and after a careful and independent review of the record, it is hereby **ORDERED** that:

1. The Report and Recommendation (Doc. No. 26) is **APPROVED** and **ADOPTED**;[2]

2. The petition for writ of habeas corpus (Doc. Nos. 1, 3) is **DISMISSED WITH PREJUDICE**;

---

[1] In the R&R, Judge Strawbridge recommended that Petitioner's habeas petition be dismissed because Petitioner's sole claim for relief is unexhausted, and therefore, procedurally defaulted. (*See* Doc. No. 26 at 5–7.) As noted, Petitioner did not file any objections to the R&R. (*See* Doc. No. 26-2 (notifying Petitioner of his right to file objections to the R&R within 14 days of service, and that if he failed to timely file objections, he would be precluded from challenging the factual and legal findings in the R&R on appeal).)

[2] Although the Court agrees with Judge Strawbridge's reasoning and conclusions in his R&R, the Court clarifies the following: on page 2 of the R&R, Judge Strawbridge mistakenly wrote that state court records listed Petitioner's date of birth as, "October 21, 19*97*, which meant that he was considered to be 19 years old when he committed all three homicides [on September 8, 10, and October 8, 1997], and was prosecuted as an adult." (Doc. No. 26 at 2 (emphasis added).) But Petitioner could not have been born on a date *after* the murders occurred. This typographical error aside, the Court agrees with Judge Strawbridge's conclusion that, because Petitioner voluntarily withdrew his PCRA petition, he inexcusably failed to exhaust available remedies in the state courts and his claim therefore does not give rise to habeas relief. Indeed, Petitioner's birth year had no bearing on Judge Strawbridge's determination that Petitioner's claim is procedurally defaulted; in any event, Judge Strawbridge subsequently wrote in his R&R that state court records listed Petitioner's birthday as October 21, 19*77*, which is correct. (*See id.* at 3 (emphasis added).)

3. A Certificate of Appealability **SHALL NOT ISSUE**, as Petitioner has not demonstrated that reasonable jurists would debate the correctness of the procedural determinations of this decision.

4. The Clerk of Court shall mark this case as **CLOSED**.

**IT IS SO ORDERED.**

*/s/ Karen Spencer Marston*
KAREN SPENCER MARSTON, J.